FILED
MAR 19 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

08 MJ 8250

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Case No.: |
| Plaintiff, ) | COMPLAINT FOR VIOLATION OF |
| v. ) | 21 U.S.C. § 952 and 960 |
| Berenice LEON, ) | Importation of a Controlled Substance (Felony) |
| Defendant. ) | |

The undersigned complainant being duly sworn states:

That on or about March 18, 2008, within the Southern District of California, defendant Berenice LEON, did knowingly and intentionally import approximately 0.6 kilograms (1.3 pounds) of heroin, a Schedule I Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Section 952 and 960.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

Special Agent R. Joseph Rothrock
Federal Bureau of Investigation
Border Enforcement Security Task Force

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 19TH DAY OF MARCH 2008.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Unites States of America
v.
Berenice LEON

### STATEMENT OF FACTS

This statement of facts is based on the reports, documents, and notes furnished to Federal Bureau of Investigation Special Agent R. Joseph Rothrock.

On March 18, 2008, at approximately 13:40 hours, Berenice LEON entered the United States, at the Calexico, California West Port of Entry, through Pedestrian Lane #1. LEON provided Customs and Border Protection Officer (CBPO) B. Garcia with a negative oral Customs and Border Protection declaration. LEON provided CBPO B. Garcia with a California Identification Card, but was unable to provide a birth certificate or passport. LEON did not resemble the California Identification Card. LEON was referred for secondary inspection.

In the Pedestrian Secondary, CBPO D. Martinez and CBPO J. Rodriquez conducted a pat-down of LEON. After further examination, two packages wrapped in brown postal tape were located inside of each LEON's shoe. A package was removed and probed revealing a black tar substance, which tested positive for the presence of heroin. A total of four packages weighing 0.6 kilograms (1.3 pounds) of heroin were located in LEON's shoes.

Subsequent to her arrest, LEON was advised of her Constitutional Rights per Miranda, which she acknowledged and waived. LEON admitted to agents she had knowledge of the heroin located within her shoes and was to be paid $450.00 U.S. for the smuggling venture.